```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RUSSELL MENDEZ, an individual,      )
and JOYCE MENDEZ, his wife,         )
                                    )
            Plaintiffs              )
                                    )
      vs.                           )
                                    )
UNITED STATES OF AMERICA, FEDERAL,  )   Civil Action No. 04-258J
BUREAU OF PRISONS, FCI-LORETTO,     )   Judge Kim R. Gibson/
DANIEL LEONARD, SCOTT DECKER,       )   Magistrate Judge
SCOTT MIDDLEKAUF, JEFFREY TRIMBATH, )   Amy Reynolds Hay
MICHAEL CONDOR, Jr., ALTOONA        )
HOSPITAL, THOMAS GORE, ELIAS MOUNIF )
RIFKAH, ARTHUR DeMARSICO, and HANY  )
SHANOUDY,                           )
                                    )
            Defendants              )
                                    )   Re:  Doc. Nos. 32, 34,
                                    )        36, 38, 43 & 57
                                    )
```

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Federal Defendants' partial motion to dismiss/for summary judgment (Doc. 43) be treated as a motion to dismiss and be granted, and that the following defendants be dismissed from this action: the Bureau of Prisons, FCI-Loretto, Daniel Leonard, Scott Decker, Scott Middlekauf, Jeffrey Trimbath and Michael Condor, Jr. Further, all FTCA claims should be dismissed against all defendants except the United States, and the FTCA claim for failure to provide medical care during transport between facilities should be dismissed as against the United States. It is further recommended that: (1) Defendant Shanoudy's supplemental motion to

dismiss (Doc. 32) should be granted in part and denied in part: it should be granted as to any FTCA claim against him and as to any claim for attorney fees, but it should be denied as to the state law claims of negligence and loss of consortium; (2) Defendant DeMarsico's motion to dismiss (Doc. 34) should be granted and all FTCA claims and attorney fees claims against him should be dismissed; (3) Defendants Altoona Hospital's and Thomas Gore's joint motion to dismiss (Doc. 36) should be granted and all FTCA claims and attorney fees claims against them should be dismissed; (4) Defendant Rifkah's supplemental motion to dismiss (Doc. 38) should be granted in part and denied in part: it should be granted as to all FTCA claims and attorney fees claims, but denied as to any state law claims of negligence and loss of consortium; and (5) Defendant Rifkah's motion to dismiss (Doc. 57) should be dismissed as moot.

REPORT

Russell and Joyce Mendez, husband and wife, (collectively, "Plaintiffs") filed the instant civil action in connection with Mr. Mendez's medical treatment while he was incarcerated at FCI-Loretto and while he was hospitalized at Altoona Hospital, which was contracted to provide hospital care to FCI-Loretto prisoners. In their amended complaint, Plaintiffs alleged two jurisdictional bases for their civil action: (1) the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 2671 - 2680; 1346(b), and (2) 28 U.S.C. § 1332 (diversity of citizenship).

The defendants sued include the United States, the Bureau of Prisons ("BOP"), FCI-Loretto, Dr. Daniel Leonard, Paramedic Scott Decker, Physician's Assistant Scott Middlekauf, Physician's Assistant Jeffrey Trimbath, and Physician's Assistant Michael Condor[1], (collectively, the "Federal Defendants"), as well as Altoona Hospital, Dr. Thomas Gore, Dr. Elias Mounif Rifkah, Dr. Arthur DeMarsico, and Dr. Hany Shanoudy, (collectively, the "non-Federal Defendants"). Presently before the court for disposition are the motions to dismiss filed by all of the defendants. The Federal Defendants have filed their motion pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The non-Federal Defendants have moved pursuant to Fed.R.Civ.P. 12(b)(6).

**A. Standard of Review**

Where a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction attacks the complaint on its face, the court must consider the allegations of the complaint as true. <u>Mortensen v. First Federal Sav. and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). Where, however, the motion attacks the existence of subject matter jurisdiction in fact,

---

[1] Plaintiffs named Condor as a physician, however, the Answer filed by the Federal Defendants indicates that he is, in fact, a physician's assistant. Doc. 39, ¶ 13.

3

>      the trial court is free to weigh the evidence
>      and satisfy itself as to the existence of its
>      power to hear the case. In short, no
>      presumptive truthfulness attaches to
>      plaintiff's allegations, and the existence of
>      disputed material facts will not preclude the
>      trial court from evaluating for itself the
>      merits of jurisdictional claims. Moreover,
>      the plaintiff will have the burden of proof
>      that jurisdiction does in fact exist.

Id. (footnote omitted).

On the other hand, a 12(b)(6) motion to dismiss may be granted by the court only if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).[2]

---

[2] In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

**B. Discussion**

    1.  <u>Federal Defendants' Motion to Dismiss</u>

Plaintiffs bring their claims against the Federal Defendants pursuant to the FTCA. The FTCA represents a limited waiver of sovereign immunity for certain types of alleged tortious conduct committed by government employees. 28 U.S.C. §§ 1346(b), 2674, 2679; <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976).

    **a.  The Only Proper Defendant is the United States.**

The only proper defendant in a tort claim under the FTCA is the United States. <u>See</u> 28 U.S.C. § 2674. Inasmuch as the United States Attorney certified that Dr. Daniel Leonard, Scott Decker, Scott Middlekauf, Jeffrey Trimbath, and Michael Condor, Jr., were acting within the scope of their employment with the United States in relation to the events alleged in the amended complaint, the action against these individual defendants must be deemed one against the United States. 28 U.S.C. § 2679(d). Further, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize [FTCA] suits against such federal agency." 28 U.S.C. § 2679(a). Thus, the BOP and FCI-Loretto are not proper parties to this action. Accordingly, Plaintiffs' FTCA negligence claim in Count I of the Amended Complaint, as well as Plaintiffs' FTCA loss of consortium claim in Count II, must be dismissed as against every Federal

5

Defendant except the United States, for lack of subject matter jurisdiction in fact.

To the extent that the Amended Complaint can be read as asserting an FTCA claim against the non-Federal Defendants, that claim must be dismissed as well. There is no FTCA cause of action against individuals who are not employees of the government within the meaning of 28 U.S.C. § 2671.[3] The United States has not consented to suit under the FTCA for acts of independent contractors, such as the non-Federal Defendants. See 28 U.S.C. §§ 1346(b) and 2671; Logue v. United States, 412 U.S. 521, 528 (1973); United States v. Orleans, 425 U.S. at 814.

> **b. The FTCA Claim Regarding Medical Care Received During Transport must Be Dismissed for Lack of Subject Matter Jurisdiction.**

Before a claimant may bring suit in federal district court on an FTCA claim, he must file an administrative claim with the

---

[3] Section 2671 provides as follows:

> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

relevant agency and the claim must be denied by that agency. 28 U.S.C. § 2675(a). See also McNeil v. United States, 508 U.S. 106, 113 (1993)(Plaintiff must present administrative tort claim to appropriate agency and tort claim must be finally denied before civil action may be initiated). The filing of the administrative tort claim is a jurisdictional prerequisite to an FTCA suit which cannot be waived. 28 U.S.C. § 2675(a). See Peterson v. United States, 694 F.2d 943, 944-45 (3d Cir. 1982); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

One of the claims raised by the Plaintiffs is that Mr. Mendez was not provided adequate medical care during the time he was being transported between institutions. However, upon review of the Plaintiffs' Form 95 administrative claim, see Doc. 44, Ex. 1., it is apparent that Plaintiffs did not raise at the agency level any claim relative to care received during transport.[4] Thus, Plaintiffs did not exhaust their administrative remedies and the district court lacks subject matter jurisdiction over any claim relating to the care received during transport. 28 U.S.C. § 2675(a).

---

[4] We note that Plaintiffs did not address this issue in their response to the motion to dismiss/for summary judgment. See Doc. 54.

### c.  **Plaintiffs Cannot Maintain a <u>Bivens</u> Claim**

The Federal Defendants also argue that, to the extent that the Amended Complaint can be read as asserting a <u>Bivens</u>[5] action against the individual Federal Defendants, the claim must be dismissed for failure to allege a constitutional violation.  In their original complaint, Plaintiffs' included a claim under 42 U.S.C. § 1983.  We note, however, that after it was pointed out that Section 1983 applies to state actors and therefore is inapplicable to this suit which involves federal government actors and that a <u>Bivens</u> action is the appropriate vehicle through which to raise constitutional claims against federal actors, see Doc. 21 at 7-9, the Plaintiffs then filed their Amended Complaint, where they raised only FTCA claims and state law tort claims of negligence and loss of consortium, and no <u>Bivens</u> action.

### 2.  <u>Non-Federal Defendants' Motions to Dismiss</u>

#### a.  **Defendant Shanoudy**

Defendant Shanoudy argues that because the Amended Complaint only once references him by name and fails to assert negligent conduct on his part, the negligence claim (and the derivative loss of consortium claim) should be dismissed against him.  A reading of the Amended Complaint as a whole, however, reveals

---

[5] <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

that Dr. Shanoudy, as a "defendant," has been alleged to have treated Plaintiff and breached a duty of care owed to Plaintiff that resulted in injury. See Amended Complaint, ¶¶ 18, 30, 45-51.

Rule 8 of the Federal Rules of Civil Procedure provides in relevant part that "[e]ach averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1). Further, "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). The court finds that the allegations of the Amended Complaint relative to negligence are sufficient under Rule 8 to survive at this juncture Defendant Shanoudy's motion to dismiss for failure to state a claim.

Defendant Shanoudy also moves to dismiss Plaintiffs' claim for an award of attorney fees in a negligence case, noting that under Pennsylvania law there can be no such award. In their response, the Plaintiffs do not contest this. Moreover, Defendant Shanoudy appears to be correct. Auger v. Stouffer Corp., No. 93-2529, 1993 WL 364622, *7 (E.D. Pa., Aug. 31, 1993)("There can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same or a clear agreement between the parties. *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 842 (Pa. 1975). As there is no allegation that a statutory or

9

contractual basis for the award of fees exists, Stouffer's motion will be granted in this regard."); Mellon Bank, N. A. v. Aetna Business Credit Inc., 500 F.Supp. 1312, 1321 (W.D. Pa. 1980)("it is not the practice of the Pennsylvania courts to award counsel fees to an adverse party to a cause[] '[i]n the absence of express statutory allowance of the same . . . or some established exception.' Goldgar's claim for attorney's fees . . . is not supported by Pennsylvania law and will be stricken") (citations omitted)). Accordingly, the claim for attorney fees should be dismissed.

### b. Defendant DeMarsico

Defendant DeMarsico seeks to have the FTCA claims against him dismissed, as well as the request for attorney fees which would be recoverable, if at all, only as to the state law claims brought under this court's diversity jurisdiction. For the reasons discussed in section B.1.c., supra, the motion should be granted as to the FTCA claims. The attorney fees claim should be dismissed for the reasons discussed above concerning Defendant Shanoudy' similar claim about attorney fees.

### c) Defendants Altoona Hospital and Thomas Gore

Defendant Altoona Hospital and Thomas Gore contend that the FTCA claims against them should be dismissed because they do not constitute "an employee of the government" within the meaning of 28 U.S.C. § 2671. In light of the discussion at section B.1.c.,

10

supra, the motion to dismiss by Altoona Hospital and Dr. Thomas Gore should be granted and the FTCA claims against them dismissed.[6]

These same defendants also contend that there is no statutory or common law basis for the award of attorney fees under the Plaintiffs' state law claims. In their response, Plaintiffs did not address this argument. As discussed above, Pennsylvania law does not provide for such an award and, thus, the motion to dismiss filed by Defendants Altoona Hospital and Dr. Thomas Gore should be granted. Auger v. Stouffer Corp., supra; Mellon Bank, N. A. v. Aetna Business Credit Inc., supra.

### d. Dr. Elias Mounif Rifkah

Defendant Dr. Elias Mounif Rifkah also moves to dismiss the FTCA claims and the attorney fees claim. This request also should be granted for the reasons discussed concerning Dr. Shanoudy's similar motion.

Defendant Rifkah also contends that the amended complaint fails to state a claim in negligence against him because, other than indicating that Rifkah ordered a consult for Plaintiff, the amended complaint "failed to provide any additional specificity with regard to the alleged acts or omissions as pled generally[.]" Doc. 38, Memorandum of Law in Support at 2.

---

[6] Given that the FTCA claims against them are dismissed, defendants are also not liable for any attorney fees capable of being awarded thereunder, if any.

11

However, a fair reading of the entire Amended Complaint does not permit the court to conclude that no relief could be granted under any set of facts that could be proved consistent with the allegations. Dr. Rifkah, as a "defendant," has been alleged to have treated Plaintiff and breached a duty of care owed to Plaintiff that resulted in injury. See Amended Complaint, ¶¶ 18, 30, 45-51. As was the case with Dr. Shanoudy, the court finds that the allegations of the Amended Complaint are sufficient under Rule 8 to survive Defendant Rifkah's motion to dismiss for failure to state a claim.[7]

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

---

[7] Defendant Rifkah also filed a motion to dismiss, Doc. 57, that essentially replicates his earlier filing at Doc. 38. The court should rule on Doc. 38 and dismiss Doc. 57 as moot.

Dated: 22 August, 2005

cc: The Honorable Kim R. Gibson
United States District Judge

Amy J. Acheson
Philip A. Ignelzi
Ogg, Cordes, Murphy & Ignelzi
245 Fort Pitt Boulevard
Fourth Floor
Pittsburgh, PA 15222

Christy C. Wiegand
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

Frank J. Hartye
Heather A. Harrington
Pfaff, McIntyre, Dugas & Hartye
P.O. Box 533
Hollidaysburg, PA 16648

Daniel P. Carroll
Todd W. Elliott
Davies, McFarland & Carroll
One Gateway Center
Tenth Floor
Pittsburgh, PA 15222

Thomas A. Matis
Gaca, Matis, Baum & Rizza
444 Liberty Avenue
Suite 300
Pittsburgh, PA 15222-5404

Walter F. Wall
Meyer, Darragh, Buckler, Bebenek & Eck
120 Lakemont Park Boulevard
Altoona, PA 16602